UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| KALLYS ALBERT, SR., | Civil No. 08-5871 (JMR/FLN) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| DAKOTA COMMUNITIES, INC., KEVIN HONDL, LORI KINGSTON, LISA MATH, ELIZABETH WARNER, MARY K. MARTIN, PAUL A. MAGNUSON, JANIE S. MAYERON, THE EIGHTH CIRCUIT COURT OF APPEALS, U.S. DISTRICT COURT, DISTRICT OF MINNESOTA, and JOHN DOE, | |
| Defendants. | |

Plaintiff commenced this action on October 29, 2008, by filing a self-styled complaint, and an application for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 1 and 2.) The Court previously examined Plaintiff's submissions, and determined that his complaint was defective, because he was attempting to sue several Defendants who were immune from suit under the doctrine of judicial immunity. Therefore, in a previous Report and Recommendation dated November 24, 2008, (Docket No. 5), the Court recommended that this action should be dismissed as to several of the named Defendants, and that Plaintiff should be required to file an amended complaint setting forth his claims against the remaining Defendants. The Report and Recommendation was adopted by the District Court Judge, (over Plaintiff's objections), on January 9, 2009. (See Docket No. 8.)

Plaintiff subsequently filed an Amended Complaint, (Docket No. 9), but he failed to comply with this Court's previous Report and Recommendation, (which had been adopted

and approved by the District Court Judge's later order), in that the Amended Complaint included claims against the Defendants who were dismissed from this action. Plaintiff's Amended Complaint was therefore stricken, and he was granted one final opportunity to file a new pleading that would not include any claims against the previously dismissed Defendants. (See Order dated February 11, 2009; [Docket No. 10].) That last order expressly informed Plaintiff that if he did not file a Second Amended Complaint by March 10, 2009, the Court would recommend that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

The deadline for filing a Second Amended Complaint has now expired. To date, however, Plaintiff has not complied with the Court's last previous order, nor has he offered any excuse for his failure to do so. Indeed, Plaintiff has not communicated with the Court at all since he was ordered to file a Second Amended Complaint.[1] Therefore, the Court will now recommend, in accordance with the last prior order, that this action be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b). See Henderson v. Renaissance Grand Hotel, 267 Fed.Appx. 496, 497 (8th Cir. 2008) (unpublished opinion) ("[a] district court has discretion to dismiss an action under Rule 41(b) for a plaintiff's failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order"); see also Link v. Wabash Railroad Co., 370 U.S. 626, 630-31 (1962) (recognizing that a federal court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases").

---

[1] It appears that Plaintiff has attempted to initiate a mandamus proceeding in the Eighth Circuit Court of Appeals, which is related to the present action. However, Plaintiff has not had any direct contact with the District Court in this matter since the last order was filed.

Based upon the above, and upon all the records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's Application To Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u>, (Docket No. 2), be **DENIED**;

and

2. This action be **DISMISSED WITHOUT PREJUDICE**.

Dated: March  19, 2009

                                       s/ *Franklin L. Noel*
                                       FRANKLIN L. NOEL
                                       United States Magistrate Judge

filing with the Clerk of Court and serving on all parties, on or before **April 7, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.